UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD TOLENTINO,<br><br>    Plaintiff,<br><br>    v.<br><br>GILLIG, LLC,<br><br>    Defendant. | Case No. 23-cv-02062-VC<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS ON FEDERAL CLAIM; REMANDING STATE LAW CLAIMS**<br><br>Re: Dkt. No. 17 |

    Gillig's motion for judgment on the pleadings is granted. This order assumes the reader's familiarity with the factual allegations, the relevant legal standards, and the parties' arguments.

    Tolentino seeks to recover allegedly unpaid minimum wage for time worked before his "scheduled starting time." *See* Dkt. No. 20 at 3. But the Collective Bargaining Agreement defines "[w]ork performed before the regular starting time" as overtime that "shall be paid for at the rate of one and one-half time the straight-time hourly rate." Dkt. No. 1 at 134. Gillig thus contends that Tolentino's claim for unpaid minimum wage is really a section 301 claim for overtime wages under the Agreement. Tolentino argues that his "regular starting time" is not the same as his "scheduled starting time," because he regularly clocked in 10 minutes early, and so his claim is not an overtime claim under the Agreement.

    As discussed at the recent hearing on Tolentino's motion to remand, Tolentino has the far weaker interpretation of the Agreement. It defies reason that employees can define their own "regular starting time" under the Agreement based on when they choose to arrive and clock in. The far more sensible interpretation is that the phrase "regular starting time" refers to an employee's scheduled starting time, rendering Tolentino's claim for unpaid hours worked before

then undeniably an overtime claim. For that reason, the Court orally denied Tolentino's motion to remand at the recent hearing.

That conclusion also controls the outcome of Gillig's motion for judgment on the pleadings. The Agreement contemplates a grievance procedure that covers "any disputes or grievances … concerning the application or enforcement of this Agreement." Dkt. No. 1 at 142. Tolentino's section 301 claim for unpaid overtime wages is one such dispute, and so it is subject to the Agreement's grievance procedure. Because Tolentino has not alleged that he has exhausted the grievance procedures (or that he has been prevented from doing so), his claim for unpaid minimum wage must be dismissed. *See United Paperworks International Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987); *Jackson v. Southern California Gas Company*, 881 F.2d 638, 646 (9th Cir. 1989).

The Court declines to exercise supplemental jurisdiction over the remaining state law claims. Gillig argues that it would be more efficient for the claims to remain here based on familiarity with the case. Dkt. No. 26 at 1–2. But this case was only recently reassigned to the undersigned judge. The Court is therefore no better positioned (and perhaps less so) than the state court to preside over the matter. In light of the upcoming compliance hearing scheduled in state court next month, remanding these state law claims is most appropriate. *See* Dkt. No. 27 at 2.

The Clerk of Court is directed to remand the state law claims to the Superior Court of California, County of Alameda, and close the case.

**IT IS SO ORDERED.**

Dated: August 17, 2023

_____
VINCE CHHABRIA
United States District Judge